UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SPENCER RAY WNUK,**

    Plaintiff,

v.                                                                   Case No. 20-CV-1399

**LT. MITCHELL,**

    Defendant.

---

## ORDER ALLOWING AMENDED COMPLAINT

---

    Plaintiff Spencer Ray Wnuk, an inmate confined at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights had been violated. On October 6, 2020, the court screened Wnuk's complaint and dismissed three of the four defendants because Wnuk failed to state a claim against them. (ECF No. 8.) A few days later, Wnuk wrote a letter asking that he be allowed to provide additional information to address the deficiencies the court identified. (ECF No. 9.) Wnuk explains that this is his first lawsuit, so he was unsure how much information to include. He also disagrees with the court's reliance on certain cases, believing them to be applicable only after the parties have a full opportunity to present all the facts. He asks that he be allowed to respond to the order so he can "argue [his] point so as to give [the court] full clarity of the situation." (*Id.*)

    The court will allow Wnuk to file an amended complaint. As the court explained in its screening order, to state a claim, the amended complaint must

contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Wnuk does not have to provide evidence to prove his allegations. If the court allows him to proceed on a claim, he will have the opportunity to present his evidence after the parties have completed discovery. Wnuk also should not include legal arguments or case citations in his amended complaint. Wnuk's disagreement with the court's analysis is insufficient to state a claim. Wnuk's amended complaint must contain facts, not arguments or legal conclusions. Finally, Wnuk must include all of his factual allegations against all of the defendants he wants to sue. He cannot rely on or refer to his original complaint. The amended complaint must be complete in and of itself because it will replace the original complaint.

If Wnuk files an amended complaint, the court will screen the amended complaint as required by 28 U.S.C. § 1915A.

**THEREFORE, IT IS ORDERED** that, if Wnuk wants to file an amended complaint, he must do so by **November 13, 2020.** If Wnuk does not file an amended complaint by the deadline, the original complaint will remain the operative complaint in this case. The court will enclose a blank complaint form along with this order.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2020.

**BY THE COURT:**

_____
STEPHEN C. DRIES
United States Magistrate Judge